
O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MARIA SCACCIANOCE, Debtor<br>MARIA SCACCIANOCE,<br>   Plaintiff,<br>   v.<br>PATT MARION KAYE,<br>   Defendant. | Case No. CV 13-00454 DDP<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW REFERENCE**<br>[Dkt. No. 1]<br>USBC Central District of California at Los Angeles, 2:12-BK-32482-NB<br>       2:12-ap-02690-NB |

   Presently before the court is Defendant Patt Marion Kaye's Motion to Withdraw the Reference as to the Adversary Proceeding. Having considered the parties' submissions and heard oral argument, the court adopts the following order.

**I. Background**

   Plaintiff Maria Scaccianoce was married to Frank Scaccianoce ("Frank"), who died on March 31, 2003. (Compl. ¶ 7.) Defendant claimed to be Frank's adopted son. (Id. ¶ 8.) On or about March

cc: US Bankruptcy Court; US Trustee's Office

4, 2002, Frank created a holographic will naming Plaintiff as the beneficiary. (Id. ¶ 9.)  On or about January 13, 2003, Frank purportedly executed a trust naming Plaintiff and Defendant as both trustees and beneficiaries. (Id. ¶ 10.)  Upon Frank's death, Plaintiff and Defendant negotiated an agreement whereby Frank's estate property would be transferred to a general partnership (the "Partnership") with Plaintiff and Defendant as partners, giving Defendant an interest in the property of Frank's estate. (Id. ¶ 12.)  Plaintiff entered into such a partnership because Defendant claimed to be Frank's adopted son and Plaintiff believed him. (Id.)

Plaintiff and Defendant had disputes concerning their rights in the Partnership and their claims in the estate. (Id. ¶ 13.)  To settle those disputes, on December 7, 2005, Plaintiff and Defendant entered into a Settlement Agreement and Mutual Release, whereby each agreed to an equal distribution of all Frank's property and property interests owned or held by him at the time of his death. (Id. ¶ 14.)  On July 19, 2007, they entered into an Addendum transferring interests in two properties that had been removed from the original Settlement to the Partnership and divided equally between them. (Id. ¶ 19.)  On December 30, 2008, they entered into an agreement whereby the administrator of the estate could sell certain interests in real property which were not released or distributed from the estate in order to pay estate taxes. (Id. ¶ 20.)  They agreed to divide those interests equally. (Id.)

At some point in 2011, Plaintiff asked Defendant to prove that he was Frank's adopted son, but he did not provide any proof. (Compl. ¶ 22.)  From around 2005 to 2012, Plaintiff made payments

1  to Defendant through Radford Management, Inc., the manager of the
2  properties in question, pursuant to the terms of the Settlement
3  Agreement.  (Id. ¶ 23.)
4     Plaintiff filed her bankruptcy case on June 28, 2012, as a
5  chapter 13 case, and it was converted to a chapter 11 case on
6  August 15, 2012.  (Opp. at 3.)  Plaintiff commenced an adversary
7  proceeding against Defendant in December 2012.  Defendant filed a
8  statement demanding a jury trial and indicating that he did not
9  consent to the bankruptcy court conducting a jury trial and
10 entering a judgment in the adversary proceeding. (Mot. at 3.)  On
11 January 22, 2013, Defendant filed this Motion to Withdraw
12 Reference. On February 7, 2013, a default was entered by the
13 bankruptcy court against Defendant, who filed a Motion to Set Aside
14 Default on March 5, 2012.  The bankruptcy court granted that Motion
15 and set aside the default on March 26, 2013.

**II. Legal Standard**

17    "Pursuant to 28 U.S.C. § 157(a), the district court refers to
18 the bankruptcy court for this district all cases under title 11 and
19 all proceedings under title 11 or arising in or related to a case
20 under title 11."  L. R. 5011-1(a) of the U.S. Bankruptcy Court of
21 the Central District of California.  "The district court may
22 withdraw, in whole or in part, any case or proceeding referred
23 under this section, on its own motion or on timely motion of any
24 party, for cause shown."  28 U.S.C. § 157(d).
25    "A valid right to a Seventh Amendment jury trial in the
26 district court does not mean the bankruptcy court must instantly
27 give up jurisdiction and that the action must be transferred to the
28 district court. Instead . . . the bankruptcy court may retain

jurisdiction over the action for pre-trial matters." In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007).

### III. CONCLUSION

For the reasons set forth on the record, the court finds that Defendant has the right to a jury trial on the adversary proceeding and that therefore the bankruptcy court cannot issue a final determination on the matter. However, "the bankruptcy court has statutory authority to enter proposed findings of fact and conclusions of law in the matter, which then would be subject to de novo review and final judgment in the district court." In re Heller Ehrman, LLP, 464 B.R. 56-57 (N.D. Cal. 2011). The reference shall be withdrawn as follows: The bankruptcy court shall address all pretrial matters. If and when the case proceeds to trial, it shall proceed before this district court.

IT IS SO ORDERED.

Dated: May 8, 2013

DEAN D. PREGERSON
United States District Judge

4